J-S07026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW JOSHUA BAUMGARDNER | : | |
| | : | |
| Appellant | : | No. 1485 MDA 2023 |

Appeal from the PCRA Order Entered October 3, 2023
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000378-2018

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: MAY 6, 2024**

Andrew Joshua Baumgardner appeals *pro se* from the order denying his motion to vacate, set aside or correct illegal sentence/wrongful conviction, *nunc pro tunc*.  The lower court treated this as a serial petition under the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  For the reasons that follow, we affirm.

On January 22, 2019, the trial court convicted Baumgardner of numerous offenses resulting from his illegal use of someone's credit card.  On March 13, 2019, the trial court sentenced him to an aggregate term of 110 to 364 months in prison.  Baumgardner filed a timely appeal to this Court.  On December 24, 2019, we affirmed Baumgardner's judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Baumgardner***, 225 A.3d 1185 (Pa. Super. 2014) (non-precedential decision). Baumgardner did not seek further review.

On January 30, 2020, Baumgardner filed a timely *pro se* PCRA petition. The PCRA court appointed counsel. On March 5, 2020, PCRA counsel filed a "no-merit" letter and a motion to withdraw, pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), based upon his conclusion that Baumgardner's petition was without merit. On March 25, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Baumgardner filed a *pro se* response. By order entered May 15, 2020, the PCRA court dismissed Baumgardner's petition and granted PCRA counsel's motion to withdraw. Baumgardner appealed. On October 28, 2020, this Court dismissed the appeal after Baumgardner failed to file a brief.

Over the next three years, Baumgardner submitted a series of filings in his quest for post-conviction relief. The court below treated each filing as a serial PCRA petition and dismissed each one as untimely. Undaunted, on September 21, 2023, Baumgardner filed a "Motion to Vacate, Set Aside, or Correct Illegal Sentence/Wrongful Conviction, NUNC PRO TUNC." Once again, the court treated this motion as a PCRA petition, his eighth. The next day, the PCRA court issued a Rule 907 notice of its intent to dismiss the petition as untimely, and noted that Baumgardner did not plead a time-bar exception. Baumgardner filed a response. By order entered October 3, 2023, the PCRA

court denied Baumgardner's serial petition. This appeal followed. Both Baumgardner and the PCRA court have complied with Pa.R.A.P. 1925.

We first address whether the PCRA court properly considered Baumgardner's filing for post-conviction relief as a serial PCRA petition.[1] **See** 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose"); **Commonwealth v. Descardes**, 136 A.3d 493, 499 (Pa. 2016) (explaining that "claims that could be brought under the PCRA must be brought under that Act. . . . A claim is cognizable under the PCRA if the . . . conviction resulted from one of seven enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2)").

In the petition at issue, Baumgardner asserted that, given several constitutional violations, he "was denied a fair trial [and the trial court] imposed an illegal sentence." Motion, 9/21/23, at 1. These claims are cognizable under the PCRA. **See** 42 Pa.C.S.A. §§ 9543(a)(2)(i) and (a)(2)(vii). Thus, the PCRA court properly considered Baumgardner's motion as a serial PCRA petition.

Treating Baumgardner's latest filing as a PCRA petition, we next determine whether the PCRA court correctly concluded that it was untimely

---

[1] Baumgardner's brief consists of numbered paragraphs. Although he attempts to comply with the briefing requirements, his brief does not contain a statement of questions involved. In addition, this Court received a letter from the Commonwealth stating that it did not intend to file a brief.

filed, and that Baumgardner failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

- 4 -

Here, Baumgardner's judgment of sentence became final on January 23, 2020, thirty days after this Court affirmed his judgment of sentence and the time for filing a petition for allowance of appeal with our Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Baumgardner had until January 22, 2021 to file a timely PCRA petition. As Baumgardner filed the petition at issue in 2023, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

As noted by the PCRA court, Baumgardner failed to plead any exception to the PCRA's time bar in the petition at issue. Instead, he raised an undeveloped claim of newly-discovered facts in his Rule 907 response. Additionally, in his Rule 1925(b) statement, Baumgardner again raised his newly-discovered fact claim, which involves an alleged violation of **Brady v. Maryland**, 373 U.S. 83 (1963). This claim is improperly being raised for the first time on appeal. **Burton**, **supra**.

In sum, Baumgardner's motion is cognizable under the PCRA, but it is untimely, and he has failed to establish a time-bar exception.[2] As such, both the PCRA court and this Court lack jurisdiction to consider his substantive

---

[2] To the extent, Baumgardner requests to file a *nunc pro tunc* post-sentence motion, it is also untimely. A *nunc pro tunc* motion must be filed within 30 days of the entry of sentence and demonstrate good cause for missing the ten-day deadline set forth in Pa.R.Crim.P. 720. As Baumgardner's request was filed years beyond this 30-day deadline, it is clearly untimely.

claims. ***Derrickson***, ***supra***. We therefore affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/6/2024